Bartley, C. J.
-It is insisted that there is error in the proceedings of the district court upon the following grounds: 1. That the court erred in the instructions given to the jury; 2. In refusing to-grant a new trial on the ground that the evidence touching the execution of the will was insufficient; and, 3. In refusing to the plaintiff the right to open and close the argument of the case to the jury-
Three things were requisite to the due execution of this will:
1. That it should be in writing, and signed at the end thereof by the party making it, or by some other person in his presence, and by his express direction.
2. That it should have been attested and subscribed in the presence of the testator by two or more competent witnesses.
3. That the witnesses should have either seen the testator subscribe the paper, or heard him acknowledge the same.
The bill of exceptions loaves no ground for controversy as to the first requisite, inasmuch as it appeared in evidence that the signature of the testator at the end of the will was his genuine signature; and also that at the time the witness Stentz attested the instrument, the testator in express language declared the signature to the will to be his own. It appears that two competent persons subscribed their names to the paper as witnesses; and this, although done separately and at different times, was done in the presence of the testator. It was not necessary that the witnesses should attest the instrument in the presence of each other. Neither of the wit-315] nesses saw the testator subscribe his *name to the paper; one of them, however, heard him expressly acknowledge the same, but the other did not. And the question is presented whether the will is to be invalidated because the testator having subscribed the will in the absence of the witness, did not in express and direct language say to the witness that he had executed it, or sigped it as his last will and testament. It appears that the witness was called in to attest the paper without being informed expressly that the instrument was a will; and upon the paper being presented to him by the testator, with his (the testator’s) name written at the end of of it, he'subscribed his-name as a witness at the testator’s request.
It was not essential to the attestation that the witness should *316 have been made acquainted with the particular contents of the instrument. Where an attesting witness does not see the testator subscribe his name to the will, the law requires that he should hoar the testator acknowledge the fact of his having subscribed it. This acknowledgment is not required to be made in any particular words, or in any particular manner. If, by signs, motions, conduct, or attending circumstances, the attesting witness was given to understand that the testator had already subscribed the paperas his will, it was a sufficient acknowledgment. And it was competent to show this fact by the circumstances attending the transaction, as well as by the words of the testator. Whether, in this case, the testator did substantially, and in effect, acknowledge, or give this attesting witness to understand, that he had put his signature to the paper as his will, was a question of fact for the jury to pass upon ; and and we do not discover any material error in the instructions of the court to the jury ; and, on the state of the evidence as it appears in the bill of exceptions, we do not think that the court erred in refusing to set aside the *verdict, and grant a new trial on [316 the ground of insufficiency of evidence.
Did the district court err in refusing to allow the plaintiffs the opening and closing argument to the jury ?
It is urged that the provision of the statute relating to wills, which authorized a proceeding to contest the validity of a will by “MU in chancery,” and a special or fictitious issue 11 in such suit in chancery,” giving the affirmative to the defendant, has been repealed. It is true that a subsequent statute relating to the jurisdiction of the probate court has authorized a proceeding to contest the validity of a will “ by petition to the court of common pleas,” but this statute does not provide for the repeal of the provisions of the former statute authorizing a proceeding by bill in chancery and special issue, in relation to the same subject-matter. The maxim, “ leges posteriores priores contrarias abrogant,” does not apply except where the inconsistency or repugnancy is' such that' the two provisions can not stand as cumulative or concurrent rules of action, so that the later statute by its necessary operation abrogates the former. Eepeals, by implication, are not favored, especially under our present constitution; and it is a well-settled rule of construction, applicable to all remedial laws, that where a new remedy or mode of proceeding is authorized, without an express repeal of a former one relating to the same matter, it is to be regarded as merely cum *317, 318 illative, creating a concurrent remedy and not as abrogating the former mode of procedure.
It bas been supposed by some that the special issue prescribed in the former mode of proceeding to contest a will, caused some unnecessary inconvenience and confusion by the reversal of the order ■of the parties, and also some undue advantage in regard to the actual 317] or real point in ^controversy, by giving the defendant in suit the affirmative, and that, therefore, the object of the provision in the late statute was to give a mode of proceeding in the contest of wills, which might be conducted in conformity to the code of civil procedure. And this conclusion is supposed to be strengthened from the consideration that the codeis entitled to a liberal construction; with an especial view to produce uniformity in the mode of procedure in all civil cases; but the 604th section of the code expressly provides that until the legislature shall otherwise provide, the provisions of the code shall not apply to sundry remedies named, including the proceedings to set aside a will. It is very true that this must be understood as affecting the operation of the code only as to its providing the sole or exclusive remedy, inasmuch as the same sections provides as to these excepted matters — “ but such proceedings may be prosecuted under the code whenever applicable." Now, although the act relating to the jurisdiction of the probate court was passed a few days .after the enactment of the code, and was required to take effect on the same day on which the code took effect, even if the proceeding .to contest the validity of a will, by petition to the court of common pleas under the probate act, may be conducted in conformity with •the mode of procedure prescribed by the code, it does not follow that the former remedy by bill in chancery and the special issue under it was repealed. If a new remedy and new mode of proceeding to contest a will was, therefore, authorized, even after the enactment of the express saving clause in the code, it does not follow that the former remedy and mode of proceeding, not expressly repealed by the probato act, were abrogated and not left to stand in full force as a concurrent remedy.
Besides this, the order for the special issue in the common pleas 318] was made at the instance of the plaintiffs themselves, *and they voluntarily plead to the declaration filed by the defendants; and the record further shows that the order of the district court that the special issue made up in the common pleas be re-tried before a jury, was on the motion of both parties. The plaintiffs, therefore, *319 ■even if they could have objected at the proper time, did, in fact, waive all objection to the mode of proceeding, and it was not until after the evidence was closed on both sides that the application was made to the court to allow them the affirmative in the argument to the jury. The issue, as made and presented in the case at that ■stage of it, gave the defendants the affirmative; and it is well settled in practice that the party holding the affirmative of an issue, is entitled to open and close the argument as well as the evidence.

Judgment of the district court affirmed.

Swan, Brinkerhore, Bowen, and Scott, JJ., concurred.